

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. H. P. McMillan
County Auditor
Robertson County
Franklin, Texas

Dear Sir:

Opinion No. O-1112
Re: Where precinct officers are
compensated on a salary basis,
the Commissioners' Courts can-
not legally allow a stipulated
monthly sum for expenses.

We are in receipt of your recent letter in which
you ask the following question:

"Where Precinct officers are compensated on
salary basis, can Commissioners' Court legally
allow a stipulated monthly sum for expenses; that
is, when annual salary is fixed in January and
later allow an additional fixed monthly amount
for expenses, the item not being included in 1939
budget?"

Provision for authorized expenses of precinct
officers on a salary basis may be found in the statutes.
We direct your attention to the pertinent sections thereof.

Art. 3899, Vernon's Annotated Code of Criminal
Procedure, paragraph (h), reads in part:

"Each officer named in this Act, where he
receives a salary as compensation for his services,
shall be empowered and permitted to purchase and
have charged to his county all reasonable expenses
necessary in the proper and legal conduct of his
office, premiums on Officials' bonds, premium on

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

fire, burglary, theft, robbery insurance pro-
tecting public funds and including the cost of
surety bonds for his Deputies, such expenses to
be passed on, pre-determined and allowed in kind
and amounts, as nearly as possible, by the Com-
missioners' Court, once each month for the en-
suing month, upon application by each officer,
stating the kind, probable amount of expenditure
and the necessity for the expenses of his office
for such ensuing month, which application shall,
before presentation to said court, first be en-
dorsed by the County Auditor, if any, otherwise
the County Treasurer, only as to whether funds
are available for payment of such expenses . . .

"Such purchases shall be made by each officer,
when allowed, only by requisition in manner pro-
vided by the County Auditor, if any, otherwise by
the Commissioners' Court. Each officer shall, at
the close of each month of his tenure of office,
make an itemized and sworn report of all approved
expenses incurred by him and charged to his county,
accompanying such report with invoices covering
such purchases and requisitions issued by him in
support of such report. If such expenses be in-
curred in connection with any particular case,
such report shall name such case. Such report,
invoices and requisitions shall be subject to the
audit of the County Auditor, if any, otherwise by
the Commissioners' Court, and if it appears that
any item was not incurred by such officer, or that
such item was not a necessary or legal expense of
such office, or purchased upon proper requisition,
such item shall be by said County Auditor or court
rejected, in which case the payment of such item
may be adjudicated in any court of competent juris-
diction. All such approved claims and accounts
shall be paid from the Officers' Salary Fund un-
less otherwise provided herein."

The Officers' Salary Bill has been incorporated in
Vernon's Code of Criminal Procedure as Article 3912e. Sec-
tion 3 provides for payment of salaries in lieu of fees.
Section 4 creates the "Officers' Salary Fund" for counties
containing a population of less than 190,000 population,
wherein county or precinct officers are compensated on a
salary basis, and requires such fund to be kept separate

and apart from all other county funds, to "be held and disbursed for the purpose of paying the salaries of officers and the salaries of deputies, assistants and clerks or officers who are drawing a salary from said fund . . . and to pay the authorized expenses of their offices."
(underscoring ours)

From reading the above quoted excerpts from the statutes, it is clear to us that the Legislature never intended that either county or precinct officers should be allowed a stipulated fixed monthly sum as expenses, but that each item of expense should be submitted to the Auditor and Commissioners' Court for approval or rejection. We therefore answer your question in the negative.

Trusting the above satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Benjamin Woodall
Assistant

BW:lw

Approved Aug. 19,1939
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By B.W.B., Chairman

WJF